OLAF AASHEIM, PLAINTIFF AND APPELLANT, *v.* VERNON HOVEN, DEFENDANT AND RESPONDENT.

No. 10001.

Submitted January 14, 1960. Decided March 30, 1960.

Rehearing denied April 25, 1960.

350 P.2d 1025.

180

Milton G. Anderson, Sidney, argued orally for appellant.

John Marriott Kline, Glasgow, argued orally for respondent.

THE HONORABLE LEROY L. McKINNON, District Judge, sitting in place of MR. JUSTICE BOTTOMLY delivered the Opinion of the Court.

This is an appeal from a judgment for defendant. The action below was brought by the plaintiff to require defendant to transfer certain royalty interests to plaintiff.

Briefly stated the complaint alleged that the defendant Hoven acquired an option to purchase from one, Flowers, of Ada, Oklahoma, one-half of one percent overriding royalty in a block of leases constituting some 85,000 acres in the counties of Sheridan and Daniels, Montana. It is alleged that a deal was entered into between the parties hereto whereby the plaintiff was to raise $25,000, the amount necessary to take up the option, by the sale of one-quarter of one percent of the said royalty, whereupon the parties would divide equally the remaining one-quarter of one percent of said royalty. Performance by the plaintiff and refusal to perform on the part of the defendant is alleged, and decree determining that plaintiff is the owner of a one-eighth of one percent of said royalty and transfer of the same is prayed. The defendant's answer constituted a general denial. The matter was tried to the court sitting without a jury, and judgment was entered for the defendant.

The plaintiff testified to a deal made between the parties on December 13, 1956, whereby he was to raise $5,000 to pay for the option; that about five days later the defendant notified the plaintiff that their deal was off, as a man in Chicago had the deal; that many days later he had a more specific deal with the defendant whereby he was to raise $25,000 for which he was to receive three-eighths of one percent of the said royalty. In plaintiff's words: "A. I was to, the agreement was that I was to try to, I was to have three-eighths of one percent and he was

to retain one-eighth free. Q. For how much money? A. He was, for $25,000 is what I had to pay for the three-eighths.''

Again, the plaintiff testified that he suggested to the defendant that he, plaintiff, should have one-eighth free for his work in raising the money, the same as the defendant was getting for the option, and the defendant said it was immaterial to him, all he was interested in was the one-eighth.

The plaintiff further testified that on Friday, either the 11th or 18th of January 1957, he informed the defendant that he did not believe he could raise the required amount of money within the time of the option, and that the defendant was free to seek other sources if he wished. The conversation terminated as follows, according to the plaintiff: ''He [defendant] said, 'From now on, Ole, it will have to be the man first up with the money that gets the deal.' I said, 'Vern, that's fair enough.' ''

The defendant testified to the same effect without quoting the exact conversation.

The understanding between the parties as indicated in the quoted conversation would, of course, terminate any previously existing deal or agreement. It would also constitute what is known in law as a continuing offer from the defendant to the plaintiff. The offer could be terminated at any time before acceptance; and if not terminated, it could be accepted by being ''the man first up with the money''. The previous arrangements between the parties are important to this matter only for the reason that they supply the details of the above offer. Under the circumstances there can be no doubt that there was a complete understanding of what was offered.

The testimony further shows that plaintiff did succeed in raising the money by January 25, 1957; that he deposited the money in the bank in Reserve, Montana, and asked the banker to call Mr. Flowers in Oklahoma, to notify him that the money was available and arrange for an opportunity to examine the titles on the royalty before turning over the money; that the banker did contact Mr. Flowers, and at his request certified to the

escrow holder in Ada, Oklahoma, that the money was on deposit in his bank; that the foregoing arrangements were satisfactory with Mr. Flowers; that on the same day, January 25, the plaintiff went to the defendant and notified him that he had raised the money; that the defendant said in effect, good, get it on the bus to the escrow holder in Ada, Oklahoma, this afternoon. Such action constituted communication by the plaintiff to the defendant of the acceptance of the proposal. Sections 13-318, 13-319 and 13-320, R.C.M. 1947.

The plaintiff then explained the arrangements he had made to protect himself and the parties who had put up the money; that such arrangements had been agreed to by Mr. Flowers, but that then the defendant immediately called the deal off and started attempting to contact other people to raise the money. In the situation then existing defendant was too late in calling the deal off. Section 13-322, R.C.M. 1947.

It is further shown that the defendant eventually did contact James G. Key of Williston, North Dakota, who raised $25,000; that Key and the defendant went to Ada, Oklahoma, and took up the option; that none of the royalty so purchased remains in the name of the defendant Hoven at the time of this hearing. In the testimony of the defendant he stated that he retained all of his oil interests in his wife's name.

Complaint in this case was filed on February 25, 1957, and on the same day, lis pendens was filed in the offices of the clerk and recorders of Sheridan and Daniels Counties, Montana, which lis pendens were entitled in this cause and gave notice that the plaintiff had commenced this action for the purpose of obtaining a decree of the court determining that plaintiff is the owner of one-eighth of one percent royalty interest of all oil and gas produced from the real estate, which is particularly described, and for decree requiring defendant to assign and transfer by proper instrument the said royalty.

Thereafter and on March 1, 1957, an assignment from defendant to his wife was filed for record in Daniels County, Mon-

tana, assigning one-fourth of one percent royalty interest covering the lands located in such county, described in the complaint and lis pendens.

Thereafter and on August 21, 1957, an assignment from defendant to his wife was filed for record in Sheridan County, Montana, assigning one-eighth of one percent royalty interest covering the lands located in such county described in the complaint and lis pendens.

After it became apparent that the plaintiff was not in any deal, the bank in Reserve, Montana, secured a release from its certification to the escrow holder in Oklahoma, and subsequently the funds collected and deposited have been returned to the parties from whom they were collected.

The only legal question involved would seem to be whether or not there was a sufficient acceptance of the offer made before it was revoked, and the right of the plaintiff to the benefit of his contract, or one-eighth of one percent of overriding royalty in the block of leases described. There has been no objection to the procedure herein, and no variance between the testimony of the plaintiff and that of the defendant on any material fact. At the close of the plaintiff's case in chief, the defendant moved for either a directed verdict or a nonsuit, whichever the court felt appropriate, which motion was denied.

It is agreed by the parties hereto that no withdrawal of the defendant's offer was attempted until after the acts, which the plaintiff deemed an acceptance, were performed. As to the mode of acceptance required, the defendant testified that a check for $25,000 was to be given to him; he then qualified that statement, and said that a check payable to the escrow holder in Oklahoma was to be delivered to him. He also testified that he did tell the plaintiff to get the check on the bus for Oklahoma. It seems clear that the acceptance required was that the money be available for use to take up the option before the option expired. It seems equally clear that a good and sufficient acceptance of the offer was made in time, and that a binding contract was entered into.

The money was collected and deposited in a bank in Montana, and certified to the escrow bank in Oklahoma; Mr. Flowers agreed that this was acceptable performance under the option, and that the assignments would be forwarded to the bank in Montana so that titles might be checked. The defendant was fully informed of this before he declared the deal off. This was clearly all that was required regardless of whose testimony is deemed true, and the plaintiff is entitled to the benefit of his contract.

The judgment of the district court is reversed and the cause is remanded to the district court with directions to enter judgment for the plaintiff as in his complaint prayed for.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR and CASTLES concur. Mr. Justice Angstman being absent took no part in this appeal.